[Civ. No. 307.   Third Appellate District.—July 10, 1907.]

RICKEY LAND AND CATTLE COMPANY, Appellant, v. C. P. GLADER, Respondent.

APPELLATE JURISDICTION—EQUITY CASE.—This court has no appellate jurisdiction in a case in equity.   Appellate jurisdiction in all cases in equity is given to the supreme court by the constitution.

ID.—INJUNCTION—DIVERSION OF WATER.—An action to restrain the defendant from diverting the waters of a stream is an action in equity, of which this court has no appellate jurisdiction.

ID.—TRANSFER TO SUPREME COURT.—An appeal improperly taken to this court in an equity case is not lost, but it is the duty of this court under section 4 of article VI of the constitution, and under rule XXXII, to transfer the case and all papers relating thereto to the supreme court.

APPEAL from a judgment of the Superior Court of Mono County.   J. D. Murphey, Judge.

The facts are stated in the opinion of the court.

6 Cal. App.—8

Jas. F. Peck, Wm. O. Parker, and Chas. C. Boynton, for Appellant.

R. S. Miner, and J. P. Langhorne, for Respondent.

CHIPMAN, P. J.—This cause was argued and submitted upon the unquestioned assumption that this court had jurisdiction to entertain the appeal. Upon an examination of the record it clearly appears that the action is in equity, being an action to restrain defendant from diverting the waters of a certain creek. Appellate jurisdiction in all cases in equity is given to the supreme court. (Cal. Const., art. VI, sec. 4.)

We have no doubt that this court is without jurisdiction to entertain an appeal involving the merits of the action. And it seems to us to be equally clear that we cannot entertain an appeal from any judgment entered in the case whether or not involving the merits of the controversy. Logically it would appear to be reasonable that if an appeal would not lie to this court from the judgment on the merits it cannot lie from any judgment growing out of the case. Otherwise there might be an appeal pending here by plaintiff from the present judgment, and an appeal pending in the supreme court by defendant from the judgment on the merits.

In this view it becomes our duty to transfer the case to the supreme court, under article VI, section 4, of the constitution. The appeal, though improperly taken to this court, is not lost. (*Ibid.*)

The cause and all the papers relating thereto are, under rule XXXII, 144 Cal. liii, [78 Pac. xiii], transferred to the supreme court.

Burnett, J., and Hart, J., concurred.