[Civ. No. 623.    Third Appellate District.—December 3, 1909.]

## COUNTY OF YUBA, Appellant and Respondent, v. NORTH AMERICAN CONSOLIDATED GOLD MINING COMPANY et al., Respondents and Appellants.

CASE IN EQUITY—ACTION BY COUNTY TO ENJOIN DEPOSIT OF TAILINGS IN STREAM—ORDER CHANGING PLACE OF TRIAL.—An action by a county to enjoin a mining company from depositing tailings and other refuse from its mines into the Yuba river and branches named, to the special injury of the county, is a case in equity, of which the supreme court has exclusive appellate jurisdiction, notwithstanding the appeal is taken by both parties from an order changing the place of trial of such action, and both parties have stipulated for an early hearing of the appeal. The cause and papers must be transferred to the supreme court under rule XXXII.

ID.—ABSENCE OF JURISDICTION OF DISTRICT COURT OF APPEAL—MATTER NOT INVOLVING MERITS IMMATERIAL.—Since the district court of appeal has no jurisdiction of a case in equity under section 4 of article XI of the constitution, it is also without jurisdiction to entertain an appeal therein from an order not involving the merits of the cause.

APPEAL from an order of the Superior Court of Yuba County changing the place of trial of a suit in equity. Eugene P. McDaniel, Judge.

The facts are stated in the opinion of the court.

F. H. Greely, and W. H. Morrisey, for Plaintiff, Appellant and Respondent.

Niles E. Wretman, for Defendants, Respondents and Appellants.

CHIPMAN, P. J.—This is an action brought to restrain defendants from discharging or depositing tailings and other refuse matter from their mine into Yuba river or certain named branches thereof. A motion was made by the defendants, or some of them, to change the place of trial from Yuba county, and upon hearing the trial court granted the motion, but transferred the case to a county different from that which, in the judgment of both parties, the court was without authority to name. Both plaintiff and defendants

appealed from the order. The parties have filed a stipulation that the appeal be taken up at the earliest opportunity.

The action is clearly one in equity and without the jurisdiction of this court. We held, in *Rickey Land & Cattle Co.* v. *Glader,* 6 Cal. App. 113, [91 Pac. 414], that where we are without jurisdiction to determine the merits of the controversy, we are also without jurisdiction to entertain an appeal from any judgment entered in the case, whether or not involving the merits. In this view it becomes our duty to transfer the case to the supreme court, under article VI, section 4, of the constitution. The appeal, though improperly taken to this court, is not lost. The cause and all the papers thereto are, under rule XXXII, transferred to the supreme court.

Burnett, J., and Hart, J., concurred.

The appeal in this case was retransferred by the supreme court to the district court of appeal of the third appellate district, on December 6, 1909, and an opinion was rendered therein on December 17, 1909, which is reported *post,* p. 223.