G. CHIARINI, Respondent, v. N. ROCHON, Appellant.

No. 2097; December 17, 1869.

Sale—No Meeting of Minds as to the Goods to be Sold.—Where, in a proposed sale of personalty, the seller thinks to transfer property of one description while the buyer thinks to receive property of another and a more valuable description, there is no meeting of minds and hence no sale results, even though the seller's agent ignorantly transfers the more valuable property and gives a bill of sale for it.

Damages—Motion for New Trial Because Excessive.—Where a defendant conceives damages to be excessive, he should, on motion for a new trial, have his statement specify in what respect the evidence was insufficient to support this portion of the finding, and wherein and for what reason the damages were excessive.

APPEAL from Sixth Judicial District, Sacramento County.

M. C. Teluim for respondent; Coffroth & Spaulding for appellant.

CROCKETT, J.—We cannot disturb the judgment in this case on the ground that the findings are unsupported by the evidence. The evidence was conflicting on some points; but, on the whole, we think the facts were correctly found by the court. From these facts it necessarily resulted as a conclusion of law that the minds of the contracting parties never met in respect to the subject matter of the contract. The plaintiff thought he was selling a pair of white mules which he owned, and the defendant thought he was purchasing a pair of brown mules, of much greater value. It was a case of mutual mistake in respect to the property which was 'the subject matter of the contract; and in such cases it is obvious the title does not pass. It is quite plain the plaintiff never sold or intended to sell the brown mules to the defendant, and he still retains the title to them; nor did his agent who executed the bill of sale have any authority to convey or deliver the possession of the brown mules. He simply misunderstood the contract, and acted under a mistake as to his authority.

If the damages were excessive, it was incumbent on the defendant, in his statement on motion for new trial, to specify in what respect the evidence was insufficient to support this portion of the finding, or wherein or for what reason the damages were excessive. If the matter had thus been brought to the attention of the court and counsel, it might then have been corrected, if erroneous; but it is too late to raise the point for the first time in this court.

Judgment affirmed.

We concur: Rhodes, J.; Sanderson, J.; Sawyer, C. J.