[L. A. No. 10517. In Bank.—March 19, 1931.]

GUS LINBERG, Respondent, v. ANGELO STANTO, Appellant.

C. W. Pendleton for Appellant.

Lloyd S. Nix for Respondent.

THE COURT.—This is an appeal from a judgment in favor of the plaintiff in a personal injury action, tried before the court without a jury. Defendant appeals on a bill of exceptions, alleging that the findings of the trial court to the effect that the defendant was negligently operating his automobile at the time of the accident are not supported by the evidence, and also contending that there is no finding to support the verdict of $1509.

It was stipulated at the trial that the plaintiff suffered the injuries of which complaint is made on July 1, 1924, while standing on the sidewalk at the intersection of Nineteenth Street and Pacific Avenue, in San Pedro, California; that such injuries were incurred by reason of the fact that an automobile driven by the defendant came upon the sidewalk and hit the plaintiff; that, as a result of said injuries, plaintiff suffered a broken arm, a broken rib, injuries about the head and back, abrasions and contusions on both lower limbs between the knee and thigh; that, as a result of such injuries, one of plaintiff's legs has permanently become four inches shorter than the other; that plaintiff has actually expended in doctor, hospital and other similar expenses the sum of $535.

At the trial there was no issue of contributory negligence, the sole issues being as to whether the defendant was guilty of negligence in the operation of his automobile at the time and place of the accident, and, if so, whether such negligence proximately contributed to the injuries of the plaintiff. Plaintiff could not testify as to any of the circumstances of the accident, except that he was standing on the sidewalk forty or fifty feet from the corner, and was struck from behind by defendant's car. Defendant admitted that such was the fact, but contended that, just prior to the accident, he was proceeding in a lawful and careful manner in an easterly direction on Nineteenth Street; that after he had entered the intersection of said street with Pacific Avenue and had passed the center thereof, another automobile, driven by a party unknown, ran into him, causing him to so lose control of his car that he ran on to the sidewalk and hit the plaintiff. Defendant admits that, if he was negligent and if such negligence proximately contributed to plaintiff's injuries, the mere fact that the negligence of another tortfeasor contributed to the accident would in no way release

him from liability. ■ It is well settled, of course, that one who is injured by the concurrent negligence of two tort-feasors can sue either or both for the entire damage, and it is no defense to the person sued that another's negligence contributed to the injuries of which complaint was made. Defendant contends, however, that such rule has no application to the facts of this case for the reason that the evidence shows that he was entirely free from negligence, and that the accident was caused entirely by the negligence of the unknown driver who, defendant contends, ran into him.

■ It is our opinion that there is sufficient positive evidence in the record to sustain the court's finding that, at the time of the accident, defendant was operating his car in a negligent and careless fashion, and that such finding, being based on conflicting evidence, cannot be disturbed on appeal. It must be remembered, under the factual situation here presented, that plaintiff established a *prima facie* case by proof of the mere happening of the accident. ■ When an automobile leaves its accustomed place of travel in the street and runs upon the sidewalk and there strikes a pedestrian, the cases have quite uniformly held that the plaintiff establishes a *prima facie* case by the mere proof of the accident. In *Smith* v. *Hollander,* 85 Cal. App. 535, 539 [259 Pac. 958, 960], the court in dealing with a similar situation where a pedestrian while standing on the sidewalk was hit by an automobile stated:

"In such case all the elements necessary for the application of the doctrine [*res ipsa loquitur*] are present. The injured person is not in a position to know the cause of the mishap. The one in control of the instrumentality causing the injury is or should be in a position to know. Such an occurrence does not usually happen in the absence of negligence on the part of the one in control of the automobile. . . .

"At most, it was for the jury to decide whether to infer negligence of the appellant from the fact that she came upon the sidewalk with her automobile or whether to decide that, the proof of the skidding of the automobile under the circumstances and in the manner testified to by the witnesses was a sufficient explanation to justify it in

deciding that she was not negligent in the operation of her automobile.''

See, also, *Goss* v. *Pacific Motor Co.*, 85 Cal. App. 455 [259 Pac. 455]; Cal. Jur. 1928 Supp., p. 119, sec. 55; Berry on Automobiles, 6th ed., sec. 452; Huddy on Automobiles, 7th ed., sec. 512.

■ It is true that in the case at bar the defendant sought to prove that the accident was caused solely by the negligence of another. The sufficiency of this explanation was a matter for the trial court. The trial court could have inferred that the defendant was entirely without blame, but the evidence offered was likewise capable of sustaining the inference that defendant was negligent in attempting to pass in front of the other car, or that defendant was negligent in not stopping after he was hit by the other car, and before he hit plaintiff. There was no evidence offered which would indicate that the collision with the other car injured the steering apparatus or brakes of defendant's car. In fact, the evidence indicated that such was not the fact. The evidence indicated that Pacific Avenue was a wide street and that plaintiff was hit forty or fifty feet from the corner. The defendant admitted that '' . . . I saw the machine there and I tried to go ahead and pass and she hit me.'' He could not state how far away the other car was when he first saw it. In this connection he stated: ''I can guess it was about 20 feet from me when I was crossing the car tracks. I couldn't say it was 20, 30 or 40, or 50—I couldn't say well because I can only guess. I sure saw that car.'' No evidence at all was offered that defendant attempted to avoid the accident. The weighing of such evidence, and the inferences to be drawn therefrom, were matters entirely within the power of the trial court, and cannot be disturbed on appeal.

■ As stated above, the parties stipulated as to the extent of plaintiff's injuries and the actual expenditures resulting therefrom, amounting to $535. The trial court also found that as a result of such injuries plaintiff has been compelled to remain away from his place of business from and after July 1, 1924, without finding exactly the amount of the damage caused thereby. Nor did the court expressly find as to the damages suffered by virtue of plaintiff's injuries, but, as a conclusion of law from the above-

enumerated findings, ordered judgment to be rendered against defendant in the sum of $1509. The defendant contends that it was reversible error to order any judgment in excess of $535, based on such findings. The point is without merit. The alleged conclusion of law was of itself a finding as to plaintiff's damages. ■ It is well settled, in spite of the fact that section 633 of the Code of Civil Procedure provides that facts and conclusions must be separately stated, that a finding may be regarded as one of fact, although mistakenly placed among the conclusions of law. (24 Cal. Jur., p. 960, sec. 199.) We think that is the situation here.

■ Moreover, if the findings are deficient in this respect, this court since the addition in 1927 [Stats. 1927, p. 583] of section 956a to the Code of Civil Procedure has the power in a proper case to make new or additional findings in support of the judgment of the lower court. The evidence amply supports a finding that as a proximate result of the negligence of defendant, plaintiff has been damaged in the sum of $1509. If such a finding is necessary, we hereby adopt the same as a finding of this court.

For the foregoing reasons the judgment appealed from is affirmed.