[Civ. No. 2246.   Fourth Appellate District.—March 31, 1939.]

MARY E. WILLIAMS, a Minor, etc., Respondent, v. CHESTER H. McDOWELL et al., Appellants.

George S. Hupp and D. M. Potter for Appellants.

Claflin, Dorsey & Campbell and McClure & Leddy for Respondent.

BARNARD, P. J.—This is an action brought under section 377, Code of Civil Procedure, for damages on account of a death resulting from an automobile collision.

About 10:30 P. M. on December 19, 1936, the defendant McDowell was driving south from Bakersfield on U. S. Highway 99 in a truck and trailer owned by his employer, the defendant Powell. The trailer was loaded with chickens, piled four crates high. At a point some eighteen miles south of Bakersfield one of the wheels of the trailer came off and McDowell parked the outfit with a part of the trailer extending upon the paved portion of the highway. About forty minutes later the defendant Nier came along in a Packard car, traveling south. He did not see the parked trailer until he was close to it and then swerved to his left and ran head on into a Ford automobile, in which a Mr. and Mrs. Hines were riding, which was traveling north on the east half of the highway. Hines and his wife both died as a result of the collision.

Mr. and Mrs. Hines had been married for only six months. Mrs. Hines had formerly been married to a man named Williams, from whom she had been divorced about ten years. The plaintiff is the daughter of Mrs. Hines by the former marriage. She was thirteen years old at the time her mother was killed and her mother was thirty-three. She brought this action against the owner and driver of the truck and trailer and the driver of the Packard car. On December 17, 1937, before the trial of the action, she was married to a man named Miller. The court found that all three defendants were guilty of negligence and that as a proximate result of the negligence of all three Mrs. Hines received the injury which caused her death. Judgment for $2,500 was entered against all three defendants and the defendants McDowell and Powell have appealed.

It is first contended that the findings are insufficient to support the judgment against the appellants. It is argued that there is nothing in the findings which connects the manner in which the appellants' car was parked with the fact that the Nier car collided with the Hines car, and that it is not specifically found that the way in which the appellants' car was parked had anything to do with the Nier car being on the wrong side of the road. The complaint alleged that the appellants negligently drove, operated and parked their truck and trailer on the highway at a certain time and place and

that at that time and place the defendant Nier negligently and carelessly drove and operated his automobile onto and against the car in which Mrs. Hines was riding, and that as a proximate result of the negligent acts and conduct of all three defendants at this time and place, Mrs. Hines received injuries which caused her death. ▆ The court is required only to find those ultimate facts which are necessary to support the judgment on the essential issues presented by the pleadings. (*Forman* v. *Hancock,* 3 Cal. App. (2d) 291 [39 Pac. (2d) 249].) The findings should state the ultimate facts pleaded and not the probative facts. (*McCarthy* v. *Brown,* 113 Cal. 15 [45 Pac. 14].) In *Carlson* v. *Stanbitz,* 7 Cal. App. (2d) 455 [45 Pac. (2d) 820], the court said: "The plaintiff further contends that the trial court evaded its duty in failing to state in its findings whether the defendant was on the right side or the wrong side of the highway when the accident happened. But the plaintiff pleaded the negligence of the defendant in general terms and there was no duty upon the trial court in any event to make a finding as to this evidentiary detail." The findings sufficiently covered the ultimate facts alleged and are sufficient to support the judgment.

▆ It is next contended that the damages awarded the plaintiff are excessive and not supported by the evidence. It is argued that since the plaintiff was married about a year after her mother was killed the duty of supporting her would thereafter fall upon her husband; that the only pecuniary loss which she could have sustained would have been support for one year; that any such support would necessarily have been very meager since Mr. Hines was employed as a "bell hop" in a Los Angeles hotel; and that his income must have been very meager as the evidence shows he was contributing $25 or $30 a month to the support of his mother.

There is no evidence as to the amount of Hines' income. Some "bell hops" earn very substantial sums. We are not advised as to whether Mrs. Hines had any income other than what she received from her husband. There is evidence that the plaintiff had lived with her mother up to the time of the accident. She was then visiting her father in Corcoran and the Hineses were on their way to take her back to Los Angeles, where she had lived with her mother. She lost the support which she would otherwise have received in the home of her mother for the period of a year and until the time of her marriage. The value of this support was a question of fact

for the court and, from the evidence before us, it could not be held unreasonable or excessive if the court valued this support at $1200.

A further element of pecuniary loss suffered by the respondent is to be found in the fact that she was deprived of the comfort, society and protection of her mother. Under well-settled rules this element of damage in the case of a thirteen-year-old girl is a substantial one which should not be disregarded and, contrary to appellants' contentions, is one which may continue even after her marriage. Section 377 of the Code of Civil Procedure provides that in every action brought thereunder, ''such damages may be given as under all the circumstances of the case, may be just''. It is well settled that in the determination of the amount of damages in such cases much is left to the sound discretion of the jury or of the trial court, and that their finding in that regard will be reversed only where the amount fixed is obviously so disproportionate to the injury involved as to justify the conclusion that the verdict or judgment is the result of passion or prejudice. (*Diller* v. *Northern Cal. Power Co.,* 162 Cal. 531 [123 Pac. 359, Ann. Cas. 1913D, 908] ; *Gorman* v. *County of Sacramento,* 92 Cal. App. 656 [268 Pac. 1083].)

While recovery is limited to pecuniary loss this may be either a loss arising from the deprivation of something to which the heir would have been legally entitled, such as support, or it may arise from a loss of benefits which under the circumstances could reasonably be expected to have accrued to the heir even though the obligation resting upon the deceased to bestow such benefits may have been a moral obligation only. (*Sneed* v. *Marysville Gas etc. Co.,* 149 Cal. 704 [87 Pac. 376].) In *Clark* v. *Tulare Lake Dredging Co.,* 14 Cal. App. 414 [112 Pac. 564], the court said: ''And, obviously, this element of loss of society, comfort and protection of the son to be reckoned in determining the pecuniary value of the service of the deceased to his mother is difficult to measure in mere dollars and cents, and manifestly must, with the whole question of damages, be left to the good sense and sound discretion of the jury to be exercised in the light of all the circumstances of the case.'' In *Quill* v. *Southern Pac. Co.,* 140 Cal. 268 [73 Pac. 991], it was held that it was error to instruct the jury that the consideration of pecuniary loss suffered through deprivation of the comfort and society of the deceased should be limited to the remaining period of a child's minority, the

court saying, ''A parent may enjoy the comfort and society of a child after its minority, and even after marriage, and there is nothing in the law which will limit the consideration by the jury to the period of minority only.'' Adult or non-dependent children may, in proper cases, recover damages estimated upon a pecuniary basis for loss of society, comfort and protection. (*Thompson* v. *Dentman,* 131 Cal. App. 680 [21 Pac. (2d) 1009].) In *Gilmore* v. *Los Angeles Ry. Corp.,* 211 Cal. 192 [295 Pac. 41], the court said: ''Again, on the trial it was shown that these parties were children of the decedent and while it was shown that decedent did not contribute to their support, there was no showing that the cordial and affectionate relationship usually existing between parent and child did not exist as to them. Loss of comfort, protection and society is a proper element of injury and is by no means to be classed as compensable by merely nominal damages.'' A child has a right to recover the value of its mother's '' 'nurture and instruction, moral and physical, and intellectual training' ''. (*Johnson* v. *Southern Pac. R. R. Co.,* 154 Cal. 285 [97 Pac. 520].) In *Burns* v. *Jackson,* 59 Cal. App. 662 [211 Pac. 821], it is said: ''It is, of course, true, as stated by appellant, that no 'hard and fast guide' can be applied to all cases, but that the jury is permitted to exercise an intelligent discretion in view of the peculiar facts of the case, keeping in mind the well-established principles of law as to actual compensation for the loss sustained.'' In *Pell* v. *Herbert,* 33 Cal. App. 730 [166 Pac. 386], in considering a claim that a judgment for $2,000 was excessive in the light of certain evidence, the late Justice Richards said:

''In support of the appellant's contention that the verdict of the jury was excessive, he directs our attention to certain evidence tending to show that the deceased was a man of dissolute and unthrifty habits, and was not a very useful member of society or supporter of his family. These were matters properly submitted to the jury, and doubtless considered by them in arriving at the amount of their verdict. We are unable to say that a verdict in the sum of two thousand dollars for the death of a human being, through the negligence of another under the circumstances detailed in this case, was so excessive as to justify the conclusion that the jury were moved by undue passion or prejudice in its rendition or amount.''

■ In the light of these established rules, we cannot say that this judgment is so plainly excessive as to suggest at first blush passion or prejudice on the part of the court. Although a part of the judgment is based upon the loss of the comfort, society and protection of the mother it cannot be held that that element of damage is unsubstantial in the case of a thirteen-year-old girl. The contrary is suggested by the very fact relied upon by the appellants as limiting their liability, the marriage of the girl a year later when she was but fourteen years old. Such a marriage might not have been necessary or might not have occurred had she not been deprived of the comfort, society and protection of her mother.

■ The last point raised is that the court's finding, that the negligence of the appellants was a proximate cause of the accident, is not supported by the evidence. The appellants rely on a portion of the evidence to the effect that their truck was parked on the extreme west side of the paved highway, and argue that the defendant Nier should have been able to see their truck and trailer and that the accident occurred solely because of his negligence. However, there is evidence that although the paved portion of the highway was twenty feet wide the left rear wheel of the trailer was but seventy-five inches west of the center stripe. There is also evidence that the driver of appellants' truck violated section 590 of the California Vehicle Code, as it then read, which required that every truck or commercial vehicle should under such conditions be equipped with at least two flares or two red lanterns or two warning lights, and that a signal of that character should be immediately placed approximately 200 feet to the rear of the disabled vehicle. There can be no question that the appellants were guilty of negligence, and the question whether this negligence was a proximate cause of the accident was one of fact, and the evidence supports the court's finding in that regard.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 27, 1939, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1939.