[Civ. No. 14363.   Second Dist., Div. Two.   Mar. 17, 1944.]

SOLOMON KRAMER, Appellant, v. SARAH R. WAT-
NICK et al., Respondents.

Samuel A. Rosenthal and Burton B. Crane for Appellant.

Jerome J. Mayo and Guy H. Hayes for Respondents.

WOOD (W. J.), J.—In this action plaintiff asked the
court to declare that his daughter, Sarah R. Watnick, holds
title to five parcels of real estate in trust for him and to
order her to convey the property to him.   Harry Watnick,
the husband of Sarah Watnick, has been made a party de-

fendant. Hereinafter Sarah Watnick will be referred to as defendant. Plaintiff prosecutes this appeal from a judgment in defendants' favor.

In his complaint plaintiff alleges that defendant induced him to execute joint tenancy deeds covering the property in question in which plaintiff and defendant were named as joint tenants; that to induce the execution of these deeds defendant stated to him that, since he was a widower, in case of his death she as his only child would be put to the expense of probating the estate and that the joint tenancy deeds should be executed to facilitate the transfer of the property upon his death; that she agreed that if he would convey the property to her in joint tenancy she would not claim any interest in the property but would hold it only for the purpose of the transfer of title at the time of his death and that if he chose to sell the property she would join with him in the execution of any necessary instruments; and that she would at any time upon his request, without consideration, reconvey her joint tenancy interest in the property to him. It is further alleged that in reliance upon the statements of defendant plaintiff did on December 23, 1940, convey the property to defendant and to himself as joint tenants. In the following month plaintiff married and thereafter demanded of defendant that she reconvey the property and upon her refusal to do so the present action was commenced.

The testimony of plaintiff unquestionably supports his allegations and if his testimony had been found to be true doubtless the court would have granted the relief sought in the complaint. The record, however, discloses a sharp conflict in the testimony. Defendant testified that she was to be married on December 25, 1940, that her father told her that he had appreciated all that she had done during her mother's illness, that if anything happened to him he wanted to know that defendant was taken care of because she deserved it, and that he wanted the deeds recorded immediately so that she would get them on her wedding day. Defendant testified that she had not agreed to reconvey the property to plaintiff on demand and had not stated that she would make no claim to the property or that she would hold the joint tenancy interest only for the purpose of transfer of title upon plaintiff's death. The parties were living on one of the parcels conveyed at the time of defendant's marriage

and after her marriage she continued to live on the property without the payment of rent. The trial court found that the conveyance was executed "in consideration of love and affection and other valuable consideration."

The record presents a simple case of conflict in the testimony, which the trial court resolved in favor of defendant. It was within the province of the trial court to credit the testimony of defendant and to draw reasonable inferences therefrom and base its findings thereon. We are satisfied that there is ample evidence to support the findings in favor of defendant.

■ Plaintiff complains that the trial court failed to make findings "as to the purpose of the deeds transferring title to the whole property at his death." Following the heading, conclusions of law, we find: "That no trust was intended by the parties hereto nor did any trust result from the conveyances and the vesting of the title to said real property, or otherwise." The statement that no trust was intended by the parties is in effect a finding of fact which sufficiently answers the criticism of plaintiff. ■ Although it is placed among the conclusions of law it should be given the same weight as if it had been placed among the findings of fact. (24 Cal.Jur. p. 960, sec. 199; *Linberg* v. *Stanto,* 211 Cal. 771, 776 [297 P. 9, 75 A.L.R. 555]; *Gossman* v. *Gossman,* 52 Cal. App.2d 184, 192 [126 P.2d 178].) Moreover the court expressly found to be untrue the allegations that as an inducement for the execution of the deeds or for any reason defendant agreed that she would not make any claim to the property, that she would hold it only for the purpose of transferring title upon plaintiff's death and that she would join in any instrument conveying or leasing the property. The record discloses no error prejudicial to plaintiff.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.