[Civ. No. 14980. Second Dist., Div. Two. Dec. 4, 1945.]

JOHN W. WOOD et al., Respondents, v. JOSEPH E. KELLER, Appellant.

Sidney Sampson and Abe Richman for Appellant.

Henry Brouillette for Respondents.

McCOMB, J.—From a judgment in favor of plaintiff John W. Wood in the sum of (a) $6,500 general damages and (b) $485 special damages, in an action to recover damages for the wrongful death of said plaintiff's wife after trial before the court without a jury, defendant appeals.

The evidence being viewed in the light most favorable to plaintiff (respondent), the essential facts are:

Plaintiff John W. Wood's wife, Mrs. Grace J. Wood, died as the result of injuries which she received due to the negligent operation of a motor vehicle by defendant.

Defendant urges reversal of the judgment on four propositions which will be stated and answered hereunder seriatim:

First: *The trial court failed to make any finding with respect to the damages suffered by plaintiff John W. Wood.*

This proposition is untenable and is governed by this pertinent rule of law:

A finding of fact may be regarded as one of fact although mistakenly placed among the conclusions of law. (*Gossman* v. *Gossman,* 52 Cal.App.2d 184, 191 [126 P.2d 178]; *Bechtold* v. *Bishop & Co.,* 16 Cal.2d 285, 293 [105 P.2d 984]; *Kramer* v. *Watnick,* 63 Cal.App.2d 308, 310 [146 P.2d 947].)

In the instant case among the conclusions of law are the following findings of fact regarding the general and special damages suffered by plaintiff John W. Wood.

"IV

"That the plaintiff, John W. Wood, is entitled to a judgment for general damages against the defendant, Joseph E. Keller, in the amount of Six Thousand Five Hundred ($6500.00) Dollars.

"V

"That the plaintiff, John W. Wood, is entitled to special damages against the defendant, Joseph E. Keller, in the amount of Four Hundred Eighty-Five and no/100 ($485.00) Dollars, and for his costs herein."

Clearly the foregoing constitute findings of fact as to the general and special damages suffered by plaintiff John W. Wood and under the rule of law above stated are sufficient even though they are found among the conclusions of law instead of among the findings of fact.

█ Second: *The evidence fails to support the finding of the trial court that plaintiff John W. Wood sustained damages in the sum of $6,500.*

This proposition is also untenable. The evidence disclosed that plaintiff John W. Wood and decedent had been married for nearly thirty years; that the wife performed household duties for her husband, attended to his business affairs during the period when he was absent from the city in which their home was located, and that they were living together at the time of her death as husband and wife. It further disclosed that Mr. Wood was required after Mrs. Wood's death to employ others to perform the household and business services which Mrs. Wood had performed for him. Such evidence clearly sustains the trial court's finding that Mr. Wood had suffered a pecuniary loss as the result of the death of his wife. The amount of such loss was to be determined by the trial judge in the exercise of a sound discretion, which discretion in view of the foregoing evidence was not abused in the instant case. (*Bechtold* v. *Bishop & Co., supra*, 294 et seq.; *Williams* v. *McDowell*, 32 Cal.App.2d 49, 54 [89 P.2d 155].)

█ Third: *The findings of fact and conclusions of law are irreconcilable.*

This proposition is without merit. Paragraph IX in plaintiff John W. Wood's first cause of action alleged that he had been damaged in the sum of $20,000. This paragraph was incorporated in the second cause of action by reference. Paragraph VIII of the findings of fact found that the allegations

contained in the second cause of action were true. Defendant contends that the foregoing constituted a finding that Mr. Wood had sustained damages in the sum of $20,000 as alleged in paragraph IX of the first cause of action of the complaint and is therefore irreconcilable with the finding of fact that he sustained general damages in the sum of $6,500.

Such contention is not sound in view of the established rule that where the court in addition to general findings makes specific findings as to a particular matter the latter control in the case of inconsistency. (*Lobb* v. *Brown*, 208 Cal. 476, 481 [281 P. 1010]. See, also, 24 Cal.Jur., (1926), Trial p. 974, § 206 and cases cited in note 14.) Since the court specifically found that Mr. Wood's general damages were only $6,500, such finding was controlling over the general finding contained in paragraph VIII of the findings.

Fourth: *The damages are excessive as a matter of law.* This proposition will not be considered by us for the reason that the law is established in California that the point that damages are excessive cannot be raised for the first time on appeal, but must be presented to the trial court on motion for a new trial before an appellate court will consider whether the damages are excessive or not. (*Springer* v. *Angeles Credit Co., Ltd.,* 44 Cal.App.2d 712, 716 [113 P.2d 7]; *Chiarini* v. *Rochon,* 1 Cal.Unrep. 540, 541; *Phoenix* v. *Gibson,* 51 Cal. App. 148, 151 [196 P. 95]; *Clarke* v. *Fitch,* 41 Cal. 472, 476.)

In the instant case the defendant did not comply with the foregoing rule.

For the foregoing reasons the judgment is affirmed.

Wilson, J., concurred.

MOORE, P. J.—I concur. However, I think that in addition to the amounts of the general and special damages which are specified in the conclusions it should be pointed out that the court made a detailed finding of that which constitutes the sum total of plaintiff's loss, namely: he and his wife had lived together since 1915; she had faithfully performed all of her wifely duties; that as the sole and proximate result of defendant's unlawful operation of his motor vehicle plaintiff suffered pecuniary damage in the loss of the comfort, assistance and companionship of his deceased wife. Such finding, taken together with the declarations of the damages in pecuniary terms as set forth in the conclusions, presents to this court all that is essential to a complete decision of the case.