[Civ. No. 33413. Second Dist., Div. One. Nov. 7, 1969.]

TOPANGA CORPORATION, Plaintiff and Respondent, v.
PHILLIP J. GENTILE et al., Defendants and Appellants.

## COUNSEL

Jack Altman for Defendants and Appellants.

Lemaire, Mohi, Morales, Dumas & Song, Cy H. Lemaire and Frank C. Morales for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—Defendants appeal from a judgment granting $50,000 exemplary damages secured by a lien upon their personal property. In an earlier proceeding, defendants, promoters and shareholders of plaintiff Topanga Corporation, were found guilty of defrauding Topanga. (*Topanga Corp.* v. *Gentile,* 249 Cal.App.2d 681 [58 Cal.Rptr. 713].) This appeal is from a rehearing granted solely to determine the issue of punitive damages.

Topanga Corporation initially brought an action seeking a determination and declaration of the respective share interests of its stockholders or, in the alternative, for recission and reformation of those interests; to cancel a void issuance of shares because of the fraud of appellants; and for punitive damages. Appellants, who had previously been sued by the shareholders of Topanga Corporation, asserted *res judicata* as a defense. The trial court held that the prior adjudication barred Topanga from suing. The judgment was reversed on appeal and remanded for a determination on the merits. (*Topanga Corp.* v. *Gentile,* 219 Cal.App.2d 274 [33 Cal.Rptr. 56].)

On retrial Mr. and Mrs. Gentile were found to have defrauded Topanga Corporation with respect to its original issuance of stock. The trial court ordered the original issue of stock to be cancelled and reissued in proportion to the actual contributions of the various stockholders. That order reduced the Gentiles' ownership of the corporation from 33.3 percent

to 6.6 percent. The trial court also ruled that it had no authority to grant punitive damages.

Both parties appealed the trial court's decision. The Court of Appeal affirmed the lower court's judgment ordering the cancellation and reissuance of stock. However, it ruled that the trial court had the authority to award exemplary damages. The case was remanded to the trial court "solely for the purpose of rehearing and redetermining whether plaintiff should recover exemplary damages and, if so, the amount thereof." (*Topanga Corp.* v. *Gentile, supra,* 249 Cal.App.2d at p. 692.)

Upon rehearing, plaintiff (respondent) moved to file a second "amended and supplemental complaint." The proposed amended pleading alleged facts in the nature of litigation expenses occurring subsequent to the first amended complaint claimed to constitute an additional basis for an award of punitive damages. The second amended complaint increased the prayer for punitive damages from $25,000 to $75,000. The motion was granted over the objection of defense counsel.

There was disagreement as to the proper scope of the "rehearing." Defense counsel contended that since a retrial was not ordered, the record of prior proceedings in the trial court was the exclusive evidence upon which judgment could be based. The trial judge ruled that all relevant evidence on the issue was admissible. Plaintiff's proffered evidence of its litigation expenses and of the amount of services rendered by its lawyers and accountants was excluded as immaterial. Plaintiff succeeded in introducing evidence of defendants' wealth which was disputed and rebutted by defense counsel.

The trial court concluded that defendants' acts of oppression, fraud and malice toward plaintiff warranted imposition of punitive damages. It awarded Topanga $50,000 exemplary damages and secured its judgment by a lien upon the 66.6 shares of Topanga Corporation standing in the name of Mr. Gentile.

### Issues on Appeal

Appellants contend the following: (1) the trial court improperly allowed plaintiff to file an amended and supplemental complaint; (2) the judgment for punitive damages against Maria F. Gentile is invalid; (3) the award of punitive damages was excessive; and (4) the trial court erred in securing the judgment for punitive damages by a lien upon defendants' property.

We conclude that appellants' first three contentions are without merit but that the trial court erred in imposing a lien to secure payment of the judgment.

## The Amended and Supplemental Complaint

Defendants (appellants) argue that the supplemental and second amended complaint filed by plaintiff (respondent) fails to state "a valid claim" and in any event is not appropriate under the circumstances of the limited remand here present. We do not agree that the case must be reversed on this basis.

■ Upon remand, the trial court, in accord with instructions of the appellate court, has discretion to permit amendment of the pleadings. (*Holt v. Morgan*, 128 Cal.App.2d 113 [274 P.2d 915].) ■ Approval or denial of a motion to file a supplemental complaint or an amendment to a complaint to increase the amount of alleged damages will not be disturbed on appeal absent a showing of an abuse of discretion. (*Ross* v. *McDougal*, 31 Cal.App.2d 114 [87 P.2d 709]; *Walsh* v. *Parker*, 41 Cal.App.2d 435 [106 P.2d 925].) ■ In the case at bench, the Court of Appeal remanded for a determination on the merits of the issue of exemplary damages. The trial court acted within its discretion in approving the filing of an amended and supplemental complaint intended to aid such determination.

While portions of the amended pleading contain allegations of litigation expense which are not appropriate to the computation of punitive damages, the pleading also contains proper material in its prayer for increased punitive damages. Any error in permitting the filing of a pleading containing the improper allegations was nonprejudicial in view of the trial court's exclusion of evidence offered to support those allegations. *Keller* v. *Keller*, 132 Cal.App. 343 [22 P.2d 798], cited by appellants, is distinguishable from the case at bench. *Keller* holds only that an amended pleading may not be filed after final judgment. In the case at bench, there was no final judgment at the time the amended and supplemental pleading was filed. (*Vallera* v. *Vallera*, 64 Cal.App.2d 266 [148 P.2d 694].)

## The Judgment Against Maria F. Gentile

■ Appellants argue that there is no evidence to support the award of punitive damages against Mrs. Gentile. That argument must be rejected. Maria F. Gentile has been adjudged guilty of committing malicious and fraudulent acts. (*Topanga Corp.* v. *Gentile, supra.*) Civil Code section 3294 authorizes imposition of exemplary damages when fraud and malice are proved. The record and evidence support the decision of the court.

## Excessive Damages

■ Appellants assert that the amount of punitive damages awarded by the trial court is excessive. Their argument in support of this contention is limited to the proposition that the appellants are insolvent. We are unable

to consider appellants' arguments on the issue of damages for two reasons. Appellants have furnished us with neither the record of proceedings in the trial court prior to remand upon which the award of punitive damages is based in part nor citations to the record sustaining the contention that the evidence is insufficient to support the damages awarded. Their contention must be rejected by reason of that failure. Additionally, appellants made no motion for new trial by reason of excessive damages and are therefore precluded from raising that issue on appeal. (*Wood* v. *Keller,* 72 Cal.App. 2d 14 [163 P.2d 904].)

### The Lien Upon Appellants' Stock

■ Appellants contend that the trial court erred in including in its judgment for exemplary damages a lien upon the shares of Topanga Corporation standing in the name of Mr. Gentile to secure payment of that judgment. We conclude that this contention is well taken.

A court may not, without special statutory provision, impose a lien to guarantee satisfaction of a judgment for exemplary damages which it has awarded. (*Rivero* v. *Thomas,* 86 Cal.App.2d 225, 239 [194 P.2d 533].) No applicable statutory provision has been presented to or found by us. We conclude, therefore, that the portion of the trial court's judgment purporting to grant a lien to secure payment of the award of punitive damages is erroneous.

Respondent argues, without citation of authority, that a court in the exercise of its equitable jurisdiction has the power to impose a lien upon the assets of a party at fault in order to assure that the injured party will be made whole. That argument ignores the reality that punitive damages are awarded not for the purpose of compensating the injured party but as punishment.

Respondent argues, also, that appellants are the subject of a plan of arrangement pursuant to Chapter XI of the Federal Bankruptcy Act and that respondent's ability to realize upon its judgment for punitive damages will be jeopardized unless the lien is permitted to stand. If, however, other creditors of appellants have some claim upon their assets under the bankruptcy law, that claim cannot be frustrated by action of a state court granting an unlawful lien preferring some creditors to others.

The judgment of the trial court is reversed and the case remanded with instructions that those portions of the judgment impressing a lien upon shares standing in the name of Phillip J. Gentile be deleted. The judgment is otherwise affirmed.

Wood P. J., and Lillie J., concurred.