[Civ. No. 10784. Second Appellate District, Division Two.—January 22, 1936.]

R. R. MORRIS et al., Respondents, v. WHITTIER AMUSEMENT COMPANY et al., Appellants.

McAdoo & Neblett and Frank G. Swain for Appellants.

R. T. Walters for Respondents.

WOOD, J.—Plaintiffs and the individual defendants, other than defendants Berry, Siler and Gwin, who will hereinafter be referred to as the "associates", became associated together for the purpose of purchasing a theater building in the city of Whittier owned by defendants Berry. Defendants Siler and Gwin were the owners of the equipment of the theater. The associates designated one of their number, defendant Harris, to negotiate with Mr. and Mrs. Berry, the owners of the building, for the purchase of the property, it being understood that Harris was not to receive any profit for his services in the matter. Harris informed the other associates that the property could be bought for the sum of $75,000 subject to a mortgage of $60,000 and it was agreed that the property should be purchased by the associates from Mr. and Mrs. Berry at this price. An agreement was made between the associates and Siler and Gwin whereby it was agreed that

a corporation would be formed in which defendants Siler and Gwin would have an interest in the sum of $45,000, the price agreed upon as the value of the equipment owned by them. Thereafter a corporation was formed, Whittier Amusement Company, and the stock was issued to the associates in proportion to the amount each had subscribed for the purchase of the building. Stock was also issued to Siler and Gwin in proportion to the value of the equipment of the theater.

In order to carry out the transaction Mr. and Mrs. Berry transferred title to the real estate to Siler and Gwin as trustees and they in turn transferred the title to the building and equipment to the corporation. After the respective shares in the corporation had been issued to the various parties concerned it was discovered that defendant Harris had received a secret profit in his negotiations with Mr. and Mrs. Berry for the purchase of the building; that a dummy promissory note in the sum of $10,000 had been delivered to Harris by Mr. and Mrs. Berry and that this note had been turned in as cash at its face value; that in truth the total purchase price of the building was only $125,000, represented by $65,000 cash and the mortgage of $60,000. Thereupon the corporation demanded of Harris that his stock be surrendered, Harris delivered the stock to the corporation, and it is now held by the corporation.

Plaintiffs contend that the corporation is not the owner of the Harris stock and that it belongs to the associates in proportion to the amount of cash paid by each of them for the building. This contention was upheld by the trial court and judgment was entered accordingly. From the judgment an appeal is taken by the defendant corporation, defendants Siler and Gwin, and by the various associates of the plaintiff, who were made party defendants.

It is first contended by all defendants that the Harris stock is the property of the corporation. This contention of defendants has been passed upon by the District Court of Appeal upon an appeal previously taken by plaintiffs from an order of the trial court sustaining a demurrer without leave to amend and from a judgment in favor of the defendants entered thereon. In the former appeal, based upon allegations of facts in the complaint substantially the same as those herein set forth, it was held that the corporation had no

interest in the Harris stock. In the opinion filed in that case, *Morris* v. *Whittier Amusement Co.*, 123 Cal. App. 121 [10 Pac. (2d) 1017], the court said: "The complaint alleges . . . that defendant Harris was selected by said intended purchasers as their representative and agent to secure from defendants Berry their lowest purchase price for said property and to negotiate the sale thereof to all of said parties, including plaintiffs and Harris, and a corporation to be thereafter organized by them . . . that title to said property was taken in the names of Siler and Gwin, who were to hold the same and deed it to a corporation to be formed by said parties; that said corporation, Whittier Amusement Company, was formed, and the property deeded to it . . . It would appear that the transaction here detailed was a matter entirely between themselves (associates) . . . We cannot see how the corporation is the aggrieved party. The alleged fraudulent sale was not made to it, but to the associates at a time when the corporation was not in existence . . . We believe that this sum belongs equitably to those who advanced and paid it, and that plaintiffs are entitled to recover their *pro rata* share thereof." It is apparent that the decision on the former appeal has become the law of the case and that the defendants may not now contend that the Harris stock is the property of the corporation.

It is the next contention of the defendants that defendants Siler and Gwin have an interest in all of the property of the corporation and that their interest in the affairs of the corporation would be unduly diminished by the judgment of the trial court in awarding plaintiffs 20/75ths of the Harris stock. This contention cannot be upheld. Siler and Gwin joined the corporation and the other defendants in an answer in which they disclaimed any interest in the stock. Paragraph V of the answer is as follows: "Deny that the defendants other than the Whittier Amusement Company have any right, title or interest in and to said one hundred (100) shares of Whittier Amusement Company stock, and these answering defendants other than the Whittier Amusement Company hereby disclaim any right, title or interest in and to said stock."

Complaint is made of several rulings of the trial court sustaining objections to questions concerning the intentions of the parties and their plans in regard to the organization

of a corporation. Some of these questions might well have been answered. No offer of proof was made following the rulings of the court. Moreover, we cannot see how the ultimate decision could be affected or the rights of the defendants prejudiced by the rulings of which complaint is made.

■ Plaintiffs now contend that they should receive a larger proportion than 20/75ths of the Harris stock for the reason that part of the $75,000 cash payment was made up of the fictitious Harris note in the sum of $10,000, and that in reality only $65,000 cash was paid for the building. Plaintiffs did not appeal from the judgment of the trial court awarding them 20/75ths of the Harris stock. They may not now ask the court to modify the judgment by giving them a larger proportion. (*Larkin* v. *Mullen*, 128 Cal. 449 [60 Pac. 1091].)

The judgment is affirmed.

Crail, P. J., and McComb, J., *pro tem.*, concurred.