[Civ. No. 27011.   Second Dist., Div. One.   Aug. 13, 1963.]

TOPANGA CORPORATION, Plaintiff and Appellant, v. PHILIP J. GENTILE et al., Defendants and Respondents.

Frank C. Morales for Plaintiff and Appellant.

Jack Altman for Defendants and Respondents.

FOURT, J.—This is an appeal from a judgment entered after the trial court found in favor of defendants on their defense of res judicata. The separate defense was tried first pursuant to Code of Civil Procedure, section 597.

A résumé of the essential facts is as follows: On January 3, 1958, two complaints were filed. The first complaint (Civil Number 693047 hereinafter referred to as the *"047 action"*) was an action to recover secret profits and for damages for breach of a fiduciary duty. The *047 action* was brought by Ernest R. Breault, Henry Luft, H. A. Jappe, Annalee Walker, L. Mick, Philip Hohnstein and Edward J. Powell and was verified by Ernest R. Breault. The plaintiffs in the *047 action* were, with the exception of Annalee Walker, represented by attorneys Lemaire and Frank. Respondents in the case at bar were defendants in the *047 action*.

The second complaint filed (Civil Number 693049 hereinafter referred to as the *"049 action"*) was an action (1) for declaratory relief, or in the alternative for rescission or reformation; (2) to cancel void issuance of shares of stock; and (3) for damages for breach of fiduciary duty. The *049 action* was brought by Topanga Corporation (appellant in the case at bar and hereinafter referred to as Topanga). As in the case of the *047 action* LeMaire and Frank were the attorneys representing the plaintiff (Topanga) and the com-

plaint was verified by Ernest R. Breault. Respondents in the case at bar were defendants in the *049 action*.

The plaintiffs in the *047 action* included officers and members of the board of directors of Topanga. A first amended complaint was filed in the *047 action* on January 14, 1958.[1] On February 13, 1959, a pre-trial conference order was filed. Among other things, it recites that the *047 action* and the *049 action* "are consolidated for the purposes of trial by stipulation of counsel for the respective parties. . . ." It incorporated by reference the individual pre-trial statements. The pre-trial statement of plaintiffs Breault, et al., in the *047 action* and the pre-trial statement of plaintiff Topanga in the *049 action* are for all practical purposes the same. It is asserted in each that the "individual plaintiffs and the corporation plaintiff are not entirely certain as to whom the causes of action belong and therefore the two actions were commenced."

The order recites that at the time of the pre-trial conference "it appears that within a few days last past new officers and directors have been elected with respect to plaintiff, Topanga Corporation, and that a letter purportedly signed by plaintiff, L. Mick, has been received by counsel for said plaintiff corporation, terminating his services and said counsel contends that the said new board of directors and new officers, including the said Mick, were improperly elected and seated, and that he did not intend to recognize the said letter of dismissal instructions. There therefore is an issue as to counsel for Topanga Corporation. . . . The Pre-Trial Conference Court was advised that proceedings were to be immediately instituted in this court to determine those persons who are in truth and fact the duly elected officers and directors of said defendant [*sic*] corporation."

On February 27, 1959, the two cases [i.e. *047 action* and *049 action*] came on regularly for trial before Judge Patrosso as consolidated cases. However, the same questions arose as to whether counsel for the individual plaintiffs (*047 action*) was authorized to act as attorney for Topanga (*049 action*) and as to who were the then members of the board of directors of Topanga. The trial court, on its own motion, vacated the order consolidating the two matters for trial and the *049 action* was ordered off calendar.

Several of the individual plaintiffs in the *047 action* dis-

---

[1] See p. 279.

missed their cause of action and the *047 action* then proceeded to trial.

On March 13, 1959, Judge Patrosso filed his Memorandum Decision in the *047 action*. The findings of fact[2] and conclusions of law were filed April 6, 1959, and judgment was entered on April 8, 1959,[3] in favor of the individual plaintiffs and against the Gentiles (respondents in the case at bar). The judgment became final.

On December 8,, 1960, the Pre-Trial Conference Order was filed in the *049 action*. It incorporated by reference a joint pre-trial statement of the parties.[4] The *049 action* came on for trial on January 3, 1961.

On January 4, 1961, plaintiff filed an amendment to its complaint thereby seeking punitive damages. On the same date defendants filed their supplemental amendment to answers of defendants to complaint. The defense of res judicata was asserted therein as a fourth and separate defense. The affirmative defense was tried first (Code Civ. Proc., §§ 597, 2042).

On April 10, 1962, the trial court filed its memorandum of decision.[5] Findings of fact and conclusions of law were filed on May 8, 1962, and judgment entered May 15, 1962. It provides in pertinent part as follows:

"IV. That the Judgment in case number 693,047 is Res Judicata of the causes of action attempted to be asserted by Topanga Corporation herein, and that the Plaintiff, Topanga Corporation, is bound thereby.

"V. That the Plaintiff, Topanga Corporation, may not in this action contend to the contrary of the facts found and adjudicated in case number 693,047; that Plaintiff is collaterally estopped thereby from contending to the contrary.

"VI. That Plaintiff take nothing by its Complaint and Amendment thereto.

"  . . . ."

The within appeal followed. Topanga states the sole question raised by its appeal as follows:

` "The sole question presented on this appeal is whether or not the doctrine of *res judicata* was properly applied by the trial court to bar the Appellant from maintaining its action against the Respondent [sic].

---

[2] See p. 280.

[3] See p. 282.

[4] See p. 282.

[5] See p. 284.

"The issues of whether or not the Appellant stated a cause of action against Respondent [sic] or the relief prayed for by Appellant are not material here.

"*The real issues are whether the Appellant, either as a party or in privity to a party, or as a stranger, is bound by the former judgment.*" (Italics indicated.)

■ The following is stated in *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.*, 58 Cal.2d 601, at page 604 [25 Cal. Rptr. 559, 375 P.2d 439] in pertinent part:

"[1] The doctrine of res judicata has a double aspect: (1) it 'precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction.' (2) 'Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action.' (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 810 [122 P.2d 892] ; see *Taylor* v. *Hawkinson,* 47 Cal.2d 893, 895-896 [306 P.2d 797].)"

The latter aspect of the doctrine is known as collateral estoppel. ■ The defense of res judicata is a complete bar to an action while the claim of collateral estoppel is concerned with the conclusiveness of a prior determination of a particular issue. (See *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd, supra,* 58 Cal.2d 601; *Solari* v. *Atlas-Universal Service, Inc.,* 215 Cal.App.2d 587 [30 Cal.Rptr. 407] ; *Servente* v. *Murray,* 10 Cal.App.2d 355, 359 [52 P.2d 270].)

■ Topanga (appellant) concedes that the *047 action* proceeded to final judgment and that the issues decided in the *047 action* are identical with those presented in the case at bar [i.e. the *049 action*].[6] However, Topanga takes the position that it was neither a party nor in privity with a party in the *047 action* [i.e. the third element in the application of the doctrine of res judicata is missing] and therefore Topanga is neither barred nor collaterally estopped by the *047 action.*

*First, was Topanga a party to the 047 action?* No.[7]

The *047 action* was brought by individual plaintiffs seeking individual relief [i.e. not seeking relief on behalf of Topanga].

*Second, was Topanga in privity with a party to the 047 action as a successor in interest?* No.

■ One who succeeds to the interests of a party in the property or other subject of the action *after* its commencement is bound by the judgment with respect to those interests

6, 7See p. 286.

in the same manner as if he were a party. However, this rule does not apply where the interest is acquired before the commencement of the action (Code Civ. Proc., § 1908, subd. 2) ; *Holman* v. *Toten*, 54 Cal.App.2d 309, 314 [128 P.2d 808] ; 3 Witkin, Cal.Proc., Judgment, § 68, pp. 1956-1957.)

■ *Third, was Topanga in privity because of interest in the judgment or in the determination of a question of fact or law with reference to the same subject matter or transaction?* No.

The rule is stated in *Stafford* v. *Russell*, 117 Cal.App.2d 319, 320 [255 P.2d 872], as follows:

"[1] . . . A person who is not party to an action *but who controls the action* is bound by the judgment where he has a proprietary or financial interest in the judgment or in the determination of a question of fact or law with reference to the same subject matter or transaction. (*Dillard* v. *McKnight*, 34 Cal.2d 209, 216 [8] [209 P.2d 387, 11 A.L.R.2d 835].)"

The fact that Topanga exercised no control in the *047 action* is manifest from the record, therefore the above-cited rule would have no application to the case at bar.

■ The sole issue presented on this appeal was whether Topanga was barred or collaterally estopped by the prior (047) action. Since we have determined that Topanga was neither a party nor in privity with a party in the prior action, the trial court erred in rendering judgment in favor of respondents on the basis of their defense of res judicata.[8]

The judgment is reversed.

Wood, P. J., and Lillie, J., concurred.

---

[8] See p. 286.

[1] Comparing the allegations of the first amended complaint in the *047 action* with the allegations in the complaint of the *049 action* it appears as follows:

A. *First Cause of Action*:

Paragraphs I through XXIV of each are either identical or for all practical purposes have the same content. Paragraphs XXV and XXVI of the *047 action* allege damages to the plaintiffs therein as follows:

"XXV

"That the defendants PHILLIP J. GENTILE and MARIA F. GENTILE have wrongfully gained at the expense of the individual plaintiffs who were co-promoters with the said P. J. GENTILES. Said defendants, P. J. GENTILES have realized secret profits in violation of their fiduciary duty of full disclosure to plaintiffs, all to the damage of plaintiffs to the extent that they were and are entitled to ⅞ths or more of the said secret profits which are in the form of issued and outstanding shares of stock of the Topanga Corporation and is being withheld from them.

## "XXVI

"That the defendants, PHILLIP J. GENTILE and MARIA F. GENTILE have had issued to them, $70,000.00 of the capital stock of the Topanga Corporation, but are entitled to but $18,000.00 of said stock and should now be required to divide the excess of $52,000.00 in shares of stock with plaintiffs in the respective ratios as set out in Paragraph XVI of plaintiffs' First Cause of Action as set forth herein, adjusting the P. J. GENTILES original contribution of $18,000.00.''

Paragraphs XXV through XXXII inclusive of the *049 action* allege the conclusionary allegations of damages to Topanga.

> B. *Second Cause of Action 047 action and Third Cause of Action 049 action:*

The allegations of each are either identical or for all practical purposes the same, excepting only that in the *047 action* the relief is sought on behalf of the plaintiffs therein, and in the *049 action* relief is sought on behalf of Topanga.

---

[2]The Findings of Fact in the *047 action* provide in pertinent part as follows:

## "FINDINGS OF FACT
### "I

"At all times material hereto, Topanga Corporation was and now is a corporation duly organized and existing under and by virtue of the laws of the State of California.

### "II

". . . defendants Phillip J. Gentile and Maria F. Gentile were and now are husband and wife and residents of the County of Los Angeles, State of California.

### "III

"John Walker, Henry Luft, H. A. Jappe, L. Mick, Philip Hohnstein, plaintiffs Ernest R. Breault and Edward J. Powell, and defendants Phillip J. Gentile and Maria F. Gentile were promoters of and became original shareholders of the Topanga Corporation. Plaintiff Annalee Walker is the surviving spouse and successor in interest of John Walker, now deceased.

### "IV

"*During the latter part of 1954 and the early months of 1955 defendant Phillip J. Gentile represented and caused to be represented to the plaintiffs* Ernest R. Breault, Edward J. Powell, *and to John Walker, now deceased, the husband and predecessor in interest of the plaintiff Annalee Walker, and others, that there was available a tract of land in the San Fernando Valley, known as Topanga Canyon Ranch, which was suitable for use as a dump site; that the same could be purchased for the sum of $210,000, which price was payable $30,000 in cash, the conveyance by the defendants Gentile of a ranch in Fresno County at an agreed value of $70,000, and the execution of a promissory note in the principal sum of $110,000, to be secured by a first deed of trust upon said property to be so purchased. The defendant Phillip J. Gentile further represented to the plaintiffs and said other parties that if they would join with him and contribute to the purchase price of the property, each of the parties so contributing would become the owner of an undivided interest therein in the proportion that the amount which he agreed to contribute bore to the total purchase price of the property.*

### "V

"*Defendant Phillip Gentile further represented to the said plaintiffs and said other parties that after the property was acquired by him, a corporation would be organized and the property conveyed to such corporation in consideration of the issuance of its shares of stock, and each*

contributor would receive the same proportion of the total number of shares issued by the corporation for said property as the amount agreed to be contributed by each of the plaintiffs and said other parties bore to the total purchase price of the property; the plaintiffs believed said representations and in reliance thereon entered into an agreement with the defendant Phillip Gentile whereby each agreed to contribute the following sums toward the purchase price of said ranch, to wit: Ernest R. Breault, $35,000; John Walker, $9,333.33; and, Edward J. Powell, $11,666.67; thereafter, defendants Phillip Gentile and Maria F. Gentile acquired said property in their names and a corporation was caused to be organized under the laws of the State of California known as Topanga Corporation; thereafter, defendants Phillip Gentile and Maria F. Gentile conveyed said real property to said corporation subject to the aforesaid promissory note of $110,000.00 which note was to be paid by stock subscriptions of the others in exchange for 1,000 shares of its capital stock and, in accordance with the agreement hereinbefore mentioned, shares of stock were by said corporation issued to each of the contributors, including the plaintiffs, in the proportion that the contribution to the purchase price of each bore to the total purchase price of $210,000 for said real property, there being issued to each of the plaintiffs the following number of shares; Ernest R. Breault, 166.666; John Walker, 44.444; and, Edward J. Powell, 55.556; and there were issued to defendants Gentile, 333.333 shares, all upon the basis that the purchase price of said property was $210,000, as represented by the defendant Phillip J. Gentile, and the further representation that defendants Gentile had conveyed their Fresno ranch to the vendor, and that the latter had accepted the same at the valuation of $70,000 on account of the purchase price. All of the shares so issued to plaintiffs and defendants Gentile are held in escrow by the Commissioner of Corporations of the State of California. Plaintiffs are not estopped by laches or otherwise.

"VI

"In truth and in fact the representation so made by defendant Phillip Gentile to plaintiffs and other parties who contributed to the purchase of said real property, that the purchase price thereof was $210,000, was false and untrue and known to defendant Phillip Gentile to be false and untrue, and said representation was made by defendant Phillip Gentile with the intent to deceive the plaintiffs and said other contributors to the purchase price of said real property; in truth and in fact the purchase price of said real property was not $210,000, as represented by defendant Phillip Gentile, but was $150,000, payable $30,000 in cash, $10,000 by conveyance by defendants Gentile of their Fresno ranch, and the balance evidenced by a promissory note in the principal sum of $110,000, secured by a trust deed upon said property; plaintiffs did not discover the fraud and deceit of the defendant Phillip Gentile until on or about May 25, 1956; in consequence of the agreement between plaintiffs and said other contributors and defendant Phillip Gentile, each contributor was entitled to receive such number of shares in the Topanga Corporation as the amount agreed to be contributed to the purchase price of the property by each bore to the total purchase price of said real property, to wit, $150,000, rather than $210,000, as falsely represented by the defendant Phillip Gentile, and the defendants Gentile were entitled to receive only the number of shares which the value at which their Fresno ranch was accepted in payment by the vendor of said real property, to wit, $10,000, bore to the total purchase price thereof, to wit, $150,000; by reason of the fraud and deceit of defendant Phillip Gentile, the defendants Gentile gained a secret profit at the expense of each of the plaintiffs representing the difference in the number of shares in the Topanga Corporation which each plaintiff received for his interest in said real property, based upon the represented purchase price of $210,000 and the number of shares to which each was entitled based upon the true purchase price of $150,000,

Such difference as to each plaintiff is as follows: Ernest R. Breault, 66.667 shares; Annalee Walker, 17.778 shares; and, Edward J. Powell, 22.222 shares.

"VII

"Because of the Court's findings made as to the first cause of action of plaintiffs' complaint, no findings are made as to the second cause of action.

"VIII

". . ." (Italics added.)

[3]The judgment provides in pertinent part as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

"1. That defendants Gentile hold in trust for each of said plaintiffs the number of shares of Topanga Corporation as follows: Ernest R. Breault, 66.667 shares; Annalee Walker, 17.778 shares, and Edward J. Powell, 22.222 shares, and said defendants are ordered and directed to execute and file the necessary and appropriate application for consent to transfer shares in escrow as is required by the Commissioner of Corporations to accomplish transfer in the shares and to the plaintiffs as set out above and upon issuance by the Commissioner of Corporations of the State of California of an order permitting them so to do to transfer to plaintiffs in escrow said sum of shares to which each of said plaintiffs is entitled as hereinabove set forth and to endorse the stock certificates accomplishing said transfers, and, in the event said transfer is not permitted to be made while said shares are held in escrow pursuant to the order of the Commissioner of Corporations, the defendants Gentile are ordered and directed to transfer to each of the plaintiffs the said number of shares to which each is decreed to be entitled, as hereinabove set forth, upon the release of said shares from escrow, each of the plaintiffs being hereby decreed to be the equitable owner of the number of shares hereinabove set forth, now standing in the name of the defendants Gentile.

"2. The Court retains jurisdiction hereof to instruct the defendants with respect to the transfer of the shares as provided above, if necessary, and when such transfers are completed defendants shall file a report with the Court and upon the approval thereof the Court shall order the Judgment herein satisfied of record.

"3. Plaintiffs shall have and recover judgment against defendants for their costs of suit . . .''

[4]The joint pretrial statement provides in pertinent part as follows:

"A. NATURE AND STATUS OF THE CASE.

"1. Nature of the case.

"This litigation arises from the purchase of a ranch property in Topanga Canyon . . . and the subsequent transfer of the ranch property to plaintiff corporation. The plaintiff corporation contends that the promoters and original stockholders agreed they would each be issued stock for actual cash, promissory notes, or for the actual value of their contribution to the purchase of the ranch property if such contribution were other than cash or a promissory note. Plaintiff contends further that such was the agreement when it issued its capital stock, and that of $210,000.00 of stock issued $30,000.00 was for reimbursement of cash advanced by stockholders other than defendants, that $110,000.00 was for promissory notes by stockholders other than defendants, and that $70,000.00 was issued to defendants for what was fraudulently purported to be the value of a ranch in Fresno which was traded to the sellers as a part of the purchase of the Topanga Canyon ranch.

"Plaintiff corporation further contends that it, . . . discovered that but $10,000.00 was allowed on the purchase price for the Fresno ranch and

that in truth and in fact the Fresno ranch was worth no more than $10,000.00. Plaintiff corporation asserts that it has rescinded the transaction with the defendants and that it has offered to restore to defendants everything of value received by it. In this connection, however, the corporation cannot restore the Fresno ranch but has offered defendants its cash value or stock in the corporation for the true value of the Fresno ranch; both of these have been refused by the defendants.

"*In a companion case entitled 'Breault, et al v. Gentile, et al.,' Superior Court action No. 693,047, judgment was awarded to three plaintiffs based upon a finding of the court that the Gentiles had realized a secret profit, and ordered that 106.667 of the escrowed shares of stock in the name of the Gentiles be transferred to the plaintiffs in that action.* That action has just become final. The plaintiff corporation will make adjustment for such transfer if in fact it is made, and will recover such shares from those other shareholders and has such an agreement with them at this time.

"Plaintiff corporation further contends that it was not intended that the defendants Gentile would realize a secret profit in which their co-promoters would not share, nor did the agreement with the corporation contemplate that there would be a profit.

· "Defendants contend that the Fresno ranch was worth $70,000.00 and further that, whether it was worth $70,000.00 or not, they, the Gentiles, were entitled to $70,000.00 worth of stock represented by 333.33 shares of the plaintiff corporation by agreement of all of the parties after full disclosure of all matters.

"Defendants further contend as follows:

"That the complaint does not state facts to constitute a cause of action against these defendants.

"That all necessary parties are not before the court.

"That the action herein is barred by laches.

"That there has been no misrepresentations by the defendants.

"That the value of the property is not alleged by the plaintiffs.

". . . . . . . . . . .

"B. MATTERS OF FACT AGREED UPON.

"The parties stipulate to the following:

"1. That plaintiff Topanga Corporation is now and at all times pertinent hereto was a corporation duly organized and existing under and by virtue of the laws of the State of California.

"2. That defendants Philip J. Gentile and Maria F. Gentile at all times pertinent hereto were and are residents of the County of Los Angeles and are husband and wife.

"3. . . .

"That any cancellation of stock presently in the name of the defendants Gentile or any awarded damages shall allow credit to the Gentiles for the 106.667 shares of stock heretofore ordered to be transferred to Ernest R. Breault (66.667) [*sic*] shares, Annalee Walker, (17.778 shares) and Edward J. Powell, (22.222 shares), assuming only that such transfers have been accomplished at the time of judgment herein.

". . . . . . . . . . .

"E. MISCELLANEOUS MATTERS TO BE INCLUDED IN JOINT STATEMENT:

"1. It is agreed between the parties that all exhibits introduced in the companion case of 'Breault, et al., vs. Gentile, et al.,' Superior Court Action No. 693,047, might be introduced in this action without further foundation." (Italics added.)

". . . . . . . . . . . ."

[5]The memorandum of decision provides in pertinent part as follows:

"12. The trial in '049' came on to be heard in this Department 19, on or about January 3, 1961.

"Topanga appeared by the same counsel who had represented the Plaintiffs in '047' and by Mr. Breault. A question being raised as to the propriety of said counsel representing Topanga in light of their contentions on behalf of, and success in procuring Judgment on behalf of, the Plaintiffs in '047' and then, herein, seeking the same identical relief upon the same identical facts as in '047', but in behalf of Topanga, a continuance was granted to allow other counsel to be substituted in their place and stead.

"Other counsel, being the present counsel, having been substituted as counsel for Topanga, the matter again came on for trial in this Department 19 on September 25, 1961.

"13. The defendants in '049' having pleaded as Affirmative Defenses Res Judicata and Collateral Estoppel by the Judgment and Findings of Fact in '047', to wit: that the causes of action alleged in the Complaint were adjudged by the Judgment in '047' as existing in the Plaintiffs therein and not in Topanga; and that Topanga was collaterally estopped by reason of the Findings of Fact in said '047' from contending to the contrary of said Findings; this Court ordered said Affirmative Defenses first tried (C.C.P. 2042; C.C.P. 597).

"14. The Findings of Fact, Conclusions of Law and Reporter's Transcript of said trial, in '047', having been received in evidence and the parties having rested upon the issue of said Affirmative Defenses, the questions now exist whether the Judgment in '047' is *Res Judicata* and the Findings of Fact therein constitute a Collateral Estoppel of the cause of action and the facts relied upon in '049', so that Topanga may not now contend for facts *contra* to those found and adjudicated to exist in '047' and that it, as distinguished from the said Plaintiffs in '047', is entitled to recover for the fraud found to have been committed by '047'.

"I. When several individuals agree to associate themselves together: to purchase a parcel of real property, each to own an undivided interest therein in the proportion that the moneys contributed by each bears to the total contributed by all; and thereafter to form a corporation to which said real property is to be transferred in exchange for shares of the capital stock thereof, each to receive such proportion of the stock issued therefor that the interest of each in the real property bears to the total interest of all, a joint venture is created and they are Joint Venturers in the acquisition and ownership of the real property and the exchange thereof for shares of the capital stock of the corporation caused by them to be formed.

"If one of the Joint Venturers perpetrates a fraud upon the others as to the amount paid by him for the real property, by reason whereof, in the interim the real property having been conveyed to the Corporation in exchange for shares of the capital stock thereof, he received a greater proportion of the shares of stock so issued than he was justly entitled to based on the true amount contributed by him to the purchase price of the real property, the cause of action is that of the other Joint Venturers (to have transferred to them by and from the defrauding Joint Venturer, that number of shares of the capital stock required to give to the defrauded Joint Venturers the proportion of the total number of shares issued in exchange for the real property that the amount of money contributed by each for the purchase of the real property bears to the true total amount paid therefor).

"When: the Joint Venturers institute such an action therefor; and the Corporation also institutes an action therefor; because '[t]he individual plaintiffs and the corporation plaintiff are not entirely certain as to whom the causes of action belong and therefore the two actions

were commenced'; the actions are consolidated for trial; the individual Plaintiffs (Joint Venturers) being also members of the Board of Directors and Officers of the Corporation, the Corporation being the 'successor in interest' thereof; and at the time of the trial the Complaints are severed, and trial is had on the Complaint of the Joint Venturers, and Findings of Fact, Conclusions of Law and Judgment are made and entered, finding and adjudging: that the Joint Venturers, the predecessors in interest of the Corporation, were Joint Venturers with the Defendants in acquiring the real property, each having an interest therein in the proportion that the amount of moneys advanced by each bore to the total of moneys advanced for the purchase of said real property; that they were defrauded by misrepresentations as to the true amount paid for the real property; and are granted Judgment against the Defendants for that proportion of the shares of stock issued by the Corporation for said real property in excess of the proportion thereof that the Defendants were truly entitled to; the Corporation, the successor in interest of the Joint Venturers, is bound by the Judgment therein and collaterally estopped, by the Findings of Fact therein, from contending that the common facts are to the contrary of the facts found therein (C.C.P. 1908; *Morris* v. *Whittier Amusement Co.*, 123 Cal.App. 121, 124 [10 P.2d 1017]; *MacDermot* v. *Hayes*, 175 Cal. 95, 116, 117 [170 P. 616]; *Dillard* v. *McKnight*, 34 Cal.2d 209 [209 P.2d 387, 11 A.L.R.2d 835]; Restatement of Judgments, Sec. 84; *Mirabito* v. *San Francisco Dairy Co.*, 8 Cal.App.2d 54 [47 P.2d 530]; *Thomson* v. [*L.C.*] *Roney* [*& Co.*], 112 Cal.App.2d 420 [246 P.2d 1017]).

"I.1 The fraud that was perpetrated was in the fulfillment and performance of the Contract of Joint Venture. It was, as is alleged in '049' and '047' and found in '047', the misrepresentation by the Defendants to the Joint Venturers as to the true amount paid for the real property and . . . as to the true amount of the consideration contributed thereto by Defendants.

"The fraud was not in the Contract between the Corporation (Topanga) and Defendants. The Corporation (Topanga) issued the number of shares of its stock it intended to issue. Said shares represent the value, whatever it may be, of said real property; for the stock had no greater value than, and no claim is made that the stock had any greater value than, the value, whatever it was, of the real property.

"The damage was suffered by the other Joint Venturers, the Plaintiffs in '047', in receiving a smaller proportion of the shares of the stock issued by the Corporation in exchange for said real property than they were entitled to.

"  .     .     .     .     .     .     .     .     .     .     .

"The Corporation (Topanga) being a successor in interest of the Joint Venturers and additionally having actual notice of, and members of its Board of Directors and Officers participating therein (being Plaintiffs in said '047'), is bound thereby.

"  .     .     .     .     .     .     .     .     .

"I.3 Officers and members of the Board of Directors of Topanga and its counsel having notice and knowledge of and participating in '047', being also officers and members of the Board of Directors, and Topanga being a successor in interest of the said Joint Venturers, Topanga is bound by the Judgment and by the adjudication of the facts (Findings of Fact) in said '047' though not a formal party thereto (C.C.P. 1908; *MacDermot* v. *Hayes*, 175 Cal. 95, 116, 117 [170 P. 616]). Topanga might possibly be even now made a party to said Judgment (*Thomson* v. [*L.C.*] *Roney* [*& Co.*], 112 Cal.App.2d 420 [246 P.2d 1017]; *Mirabito* v. *San Francisco* [*Dairy Co.*], 8 Cal.App.2d 54 [47 P.2d 530]).

"  ,     .     .     .     .     .     .     .     .     .     .     .

"III . . . [T]he issue decided in '047' is identical with the issue presented in this '049'; there was a final Judgment on the merits in '047'; that Topanga is collaterally estopped by the Findings of Fact in '047' from contending to the contrary thereof; that the Judgment in '047' adjudicated that the Joint Venturers were the parties defrauded; that they were the Joint Venturers; that they were the Owners of the real property; that the fraud was perpetrated upon them; and that they were entitled to recover therefor.

"It must necessarily follow, and this Court so holds:

"I

"That the Judgment in '047' is *Res Judicata* of the causes of action attempted to be asserted by Topanga herein, and that Topanga is bound thereby; and

"II

"That Topanga may not in this action contend to the contrary of the facts found and adjudicated in '047'; it is collaterally estopped thereby from contending to the contrary.

"... . . . . . . . . . ."

---

[6]In determining the validity of a plea of res judicata, three questions are pertinent: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? and (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd., supra,* 58 Cal.2d 601; *Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892]; 29 Cal.Jur.2d, Judgments, section 214, p. 168.)

---

[7]Respondents do not contend that Topanga was a party to the *047 action*.

---

[8]It may well be that Topanga will be unable to establish a cause of action. As indicated in *Morris* v. *Whittier Amusement Co.,* 12 Cal. App. 121, 123-124 [10 P.2d 1017], promoters are, as to each other, joint venturers, and, where one promoter defrauds his associates, they and not the future corporation may sue.